UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ELIZABETH JEAN DIXON | CIVIL ACTION |
| VERSUS | NO. 11-269 |
| UNITED SERVICES AUTOMOBILE ASSOCIATION D/B/A USAA CASUALTY INSURANCE COMPANY D/B/A A/K/A USAA INSURANCE AGENCY, INC., AS INSURER FOR EDWARD IANNUZZI, INDIVIDUALLY D/B/A A/K/A IANNUZZI LA, L.L.C. AND IANNUZZI LA, L.L.C. | SECTION "N" (1) |

# O R D E R AND REASONS

Before the Court is the "**Motion for Summary Judgment**" (Rec. Doc. 28), filed by Defendants United States Automobile Association, Edward Iannuzzi and Iannuzzi LA, LLC ("Defendants"). This motion is opposed by Plaintiff Elizabeth Jean Dixon ("Plaintiff"). (*See* Rec. Doc. 30). After considering the memoranda filed by the parties, including Defendant's Reply Memorandum (Rec. Doc. 35), the Court rules as set forth herein.

### I. BACKGROUND

Defendant Edward Iannuzzi purchased the apartment located at 4907 Hearst Street in Metairie, Louisiana in 1976. The apartment is a two-story townhouse with a kitchen and living room on the ground floor and two bedrooms and a bathroom on the second floor. In 1999, Mr. Iannuzzi transferred the property to Iannuzzi Investments, LLC, a limited liability company owned by his family an managed by Mr. Iannuzzi. Thereafter, the property was transferred to Iannuzzi LA,

LLC, also owned by Mr. Iannuzzi'a family and managed by him. Iannuzzi LA, LLC still owns the property today.

Plaintiff and her roommate, Colleen Oncale, have lived in an apartment since 2003, though they were displaced from the apartment after Hurricane Katrina until early 2007 for hurricane-related repairs. Plaintiff and Ms. Oncale initially signed a one-year lease for the apartment, and her tenancy continued month-to-month after that. After the completion of the Hurricane Katrina repairs, Ms. Oncale executed a month-to-month lease under which she and Plaintiff lived in the apartment up until December 2010. On December 22, 2010, Plaintiff and Ms. Oncale executed a one-year lease for the apartment for 2011.

On or about February 17, 2010, Plaintiff fell while attempting to descend the stairs in the apartment, injuring her ankle. Plaintiff then filed the instant lawsuit against Mr. Iannuzzi, Iannuzzi LA, LLC and United States Automobile Association (USAA) as insurer.

## II. ARGUMENTS OF THE PARTIES

Defendants argue that Plaintiff cannot prove that the stairs in her home presented an unreasonable risk of harm. Defendants point to Plaintiff's familiarity with the stairs, which she traversed every day for several years, as evidence that, under Louisiana law, the stairs could not have presented an unreasonable risk of harm to Plaintiff at the time of the accident.

Plaintiff claims that the stairs in her apartment are unreasonably dangerous and that, as such, Defendants are liable for her injuries under Louisiana Civil Code Article 2317.1. Plaintiff asserts that the stairs violate numerous building codes and presented an unreasonable risk of harm. Plaintiff further asserts that Defendants had constructive notice of the defect in the stairs because the defect had existed for such a long period of time that Defendants' knowledge may be presumed. In addition, Plaintiff states that Defendants had actual knowledge of the defects in the stairs because

(1) Mr. Iannuzzi signed a lease addendum in 2004 stating that he would secure the stair railings, (2) Defendants failed to obtain permits for the repairs made to the apartment after Hurricane Katrina, (3) Mr. Iannuzzi is an engineer and, (4) a contractor, Mr. Gandolfi, slipped on the stairs.

### III. DISCUSSION

#### A. Legal Standard

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(c), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, 106 S.Ct. 2553; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Auguster v. Vermillion*

*Parish School Bd.*, 249 F.3d 400, 402 (5th Cir. 2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana*, 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.*, 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*citations omitted*). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *See id.* (*emphasis omitted*) (*citing Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 3188, 111 L.Ed.2d 695 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S.Ct. 195, 130 L.Ed.2d 127 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little*, 37 F.3d at 1075. Rather a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th

Cir. 2002).

### B. Analysis

Louisiana Civil Code Article 2317.1 provides that:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitor in an appropriate case.

La. Civ. Code Ann art. 2317.1 (2011). Louisiana Civil Code Article 2322 provides for liability of the owner of a building upon the same showing.[1] Interpreting Louisiana Civil Code Article 2317.1, the Louisiana First Circuit Court of Appeal stated that:

> in order to establish liability based on ownership or custody of a thing, the plaintiff must show that (1) the defendant was the owner or custodian of a thing which caused the damage, (2) the thing had a

---

[1]Louisiana Civil Code Article 2322 states:
> The owner or custodian of a building is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitor in an appropriate case.

La. Civ. Code Ann art. 2317.1 (2011).

> ruin, vice, or defect that created an unreasonable risk of harm, (3) the ruin, vice, or defect of the thing caused the damage, (4) the defendant knew, or in the exercise of reasonable care, should have known of the ruin, vice, or defect, (5) the damage could have been prevented by the exercise of reasonable care, and (6) the defendant failed to exercise such care.

*Leonard v. Ryan's Family Steak Houses, Inc.*, 939 So.2d 401, 404-5 (La. Ct. App. 1 Cir. 2006). In order to establish liability on the part of an owner, whether by negligence per se or by a showing under Louisiana Civil Code Article 2322, a plaintiff must demonstrate that the building presented an unreasonable risk of harm; it is not enough to merely show that it failed to comply with building codes. *See Burns v. CLK Investments, LLC*, 45 So.3d 1152, 1157-58 (La. Ct. App. 4 Cir. 2010).

In *Kearns v. Republic Ins. Co.*, the Louisiana First Circuit Court of Appeal declined to find liability on the part of a homeowner's insurer when the injured plaintiff was the homeowner's mother on the basis that the plaintiff was very familiar with the stairs on which she fell because she had visited her son's home at least once a month for twenty-two years. 428 So.2d 1149, 1150 (La. Ct. App. 1 Cir. 1983). The Court found that because plaintiff was familiar with the steps and had traversed them many times without incident the steps did not present an unreasonable risk of harm to plaintiff such that liability could be imposed on her son, and thereby, his insurer. *Id.*

Here, Plaintiff fell down the steps in her apartment where she had been living for more than four full years. Plaintiff testified that she used the stairs several times a day for several years, yet it never occurred to her that the steps in her apartment were dangerous until she fell. (Exhibit A to Rec. Doc. 28, p. 40, l. 14; Exhibit A to Rec. Doc. 28, p. 36-37). Plaintiff had traversed the stairs thousands of times without incident and was unaware of an incident in which anyone fell

down the stairs prior to her accident. (Exhibit A to Rec. Doc. 28, p. 45, l. 9). While the stairs did not comply with all building codes, they did not present an unreasonable risk of harm to Plaintiff when she fell. Thus the second *Leonard* element - unreasonable risk of harm - is not present. Accordingly, the Court need not reach the issue of whether Defendants knew or should have known of any danger.[2]

Plaintiff relies on the Louisiana Fourth Circuit Court of Appeal's decision in *Rollins v. Elks Place Professional Plaza* for the proposition that a tenant may not recognize the danger of variations in the height or stair risers even though they do present an unreasonable risk of harm. 505 So.2d 149, 152 (La. Ct. App. 4 Cir. 1987). The *Rollins* Court did find liability on the part of a building owner when plaintiff suffered injuries from a fall that was found to be caused by variations in the height of stair risers; however, the facts of Rollins are distinguishable from those of the case at hand. *Id.* The *Rollins* plaintiff fell while using the stairs in an office building to descend from the fifteenth floor during an emergency. *Id.* at 150. Plaintiff was in the office building visiting her doctor when a fire alarm sounded, and was thus not familiar with the stairs on which she fell. *Id.* Further, the *Rollins* Court stressed that finding liability on the part of the building owner was justified by public policy because the stairs were primarily designed and used for promptly evacuating a multi-story office building in an emergency and because the plaintiff was indeed forced to use the stairs in an emergency situation. *Id.* at 152. The facts of *Rollins* are so divergent as to make the holding inapplicable to this case.

In addition, Plaintiff argues that summary judgment is inappropriate because the issue of whether an owner should have known of the danger presented by the thing or building is a

---

[2]Plaintiff's Opposition to Defendants' Motion for Summary Judgment focuses heavily on the fourth, fifth and sixth elements in *Leonard*. However, as the Court finds that the second element is not met, the other elements will not be discussed.

question of fact, citing *Swenson v. United States*. No. 91-4455, 1992 WL 186973, at *2 (E.D. La. July 29, 1992). However, Plaintiff has failed to show the predicate that the stairs presented an unreasonable risk of harm to her. As such, Defendants have shown that there is insufficient proof concerning an essential threshold element of the Plaintiff's claim, and summary judgment is appropriate. *See Celotex Corp. v. Catrett*, 477 U.S. at 325; *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d at178.

### IV.    CONCLUSION

Considering the foregoing, **IT IS ORDERED** that the **"Motion for Summary Judgment" (Rec. Doc. 28)** is **GRANTED**.

New Orleans, Louisiana, this 13th day of January 2012.

_____
**KURT D. ENGELHARDT**
**United States District Judge**